IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE R. WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:14-CV-03570 |
| | § | |
| HARRIS COUNTY HOUSING AUTHORITY | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT HARRIS COUNTY HOUSING AUTHORITY'S MOTION TO DISMISS

Based on FED. R. CIV. P. 12(b)(1) and (6), Defendant Harris County Housing Authority ("HCHA") files its Motion to Dismiss Plaintiff June R. William's claims and states:

1. When a Defendant moves for dismissal under both 12(b)(1) and 12(b)(6), the Court is tasked first with determining whether subject matter jurisdiction exists. *Rodgers v. Garland Housing Agency*, No. CIV.3:01-CV-0477-H, 2001 WL 1029516 at *2 (N.D.Tex. Aug. 21, 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977)) (Ex. 1). Next, the Court considers whether the Complaint states a cognizable claim for relief. *Id.*

2. A Defendant is entitled to dismissal for want of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) when the plaintiff cannot prove any set of facts to support her claim and entitle her to relief. *Id.* (citing *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900, 904 (5th Cir.1997) and *Saraw Partnership v. United States*, 67 F.3d 567 (5th Cir.1995)).

3. In determining whether it has jurisdiction, the Court may consider the complaint, the complaint and any undisputed facts, or the complaint supplemented by the undisputed facts and the Court's resolution of disputed facts. *Rodgers*, 2001 WL 1029516 at *2; *Robinson*, 117 F.3d at 904.

4. In any case, it is always the plaintiff who bears the burden of proving subject matter jurisdiction. *Rodgers*, 2001 WL 1029516 at *2 (citing *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir.1995)).

5. The district court properly grants a 12(b)(1) motion when the court lacks statutory or constitutional power to adjudicate the case. *Rodgers*, 2001 WL 1029516 at *2 (citing *John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir.2000)).

6. When considering whether a plaintiff has stated a claim upon which relief may be granted against a Housing Authority for administering a federal housing program (including due process rights), the Court must determine whether plaintiff has a private right of action under the Housing and Urban Development statutes. *Rodgers*, 2001 WL 1029516 at *3.

7. *Rodgers* is dispositive. Here, the Court lacks statutory or constitutional power to adjudicate plaintiff's claims because "numerous decisions support the conclusion that the United States Housing Act of 1937 does not permit an implied private right of action under Section 8 programs." *Id.* (citing *Edwards v. District of Columbia*, 821 F.2d 651 (D.C.Cir.1987), *Hill v. Group Three Housing Dev. Corp.*, 799 F.2d 385, 394 (8th Cir.1986), *Perry v. Housing Authority of Charleston*, 664 F.2d 1210, 1218 (4th Cir.1981), and *Banks v. Dallas Housing Authority*, 119 F.Supp.2d 636, 638 (N.D.Tex.2000)). And, like Rodgers, plaintiff cites absolutely no authority for the proposition that she may sue HCHA. *Id.*

8. Moreover, *Plaintiff's counsel knew prior to filing suit*, that his client failed to exhaust administrative remedies. *Rodgers*, 2001 WL 1029516 at *3 & n.4. (Compl. ¶¶ 12-13, 39, 48, Ex. A @ pp.1, 3-4, Ex. B, Ex. D; Ex. 2, Letorneau corresp.). Plaintiff judicially admits that "HCHA . . . has scheduled a hearing . . . on December 18, 2014" – 3 days *after*

filing this lawsuit.[1] This failure to exhaust administrative remedies is fatal to Plaintiff's claim. *Id.*

9. With respect to Rule 12(b)(6), a defendant is entitled to dismissal when no set of facts support plaintiff's claim and entitle her to relief. *Rodgers*, 2001 WL 1029516 at *4 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957) and *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000)).

10. As in *Rodgers*, "[t]he only constitutional violation even arguably pleaded . . . is a procedural due process claim, namely Plaintiff['s] reference to having been denied an opportunity for a hearing on [her] continued Section 8 eligibility." Also like *Rodgers* -- given plaintiff's admission that she requested a hearing and HCHA granted the request -- a "careful review of the Complaint" reveals "that Plaintiff[] [has] utterly failed to demonstrate any Fourteenth Amendment violation against the [HCHA or] . . . . show any deprivation of a federal statutory right actionable under § 1983." *Id.* (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985), *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), *Mathews v. Eldridge*, 424 U.S. 319 (1976), *Blessing v. Freestone*, 520 U.S. 329 (1997), and *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418 (1987)).

11. For these reasons, Harris County Housing Authority respectfully requests that the court dismiss Plaintiff's Complaint and grant Defendant all attorneys' fees, costs of court, and all other relief to which it is justly entitled.

---

[1] Indeed, Plaintiff has not amended her complaint (because she cannot) to allege she was actually dismissed from the Program.

Respectfully submitted,

/s/ Scott Lemond
_____
Scott Lemond
Assistant Harris County Attorney
State Bar No. 0791097
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5205
Telecopier: (713) 755-8848

ATTORNEYS FOR DEFENDANT
HARRIS COUNTY HOUSING
AUTHORITY

OF COUNSEL

VINCE RYAN
Harris County Attorney

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document to all counsel and *pro se* parties in accordance with the federal Rules of Civil Procedure on January 13, 2015.

/s/ Scott Lemond
_____
Scott Lemond

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE R. WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:14-CV-03570 |
| | § | |
| HARRIS COUNTY HOUSING AUTHORITY | § | |
| | § | |
| Defendant. | § | |

ORDER

On this ____ day of _____, 2015, the Court, having considered Defendant Harris County Housing Authority's Motion to Dismiss, finds the Motion has Merit and should, in all things, be GRANTED. All claims asserted, or that could have been asserted, in Cause No. 4:14-CV-03570 against the Housing Authority are Dismissed With Prejudice.

_____
UNITED STATES DISTRICT JUDGE

5