```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


JUNE R. WILLIAMS,              §
                               §
     Plaintiff,                §
                               §
v.                             §   Civil Action No. H-14-3570
                               §
                               §
HARRIS COUNTY HOUSING AUTHORITY,§
                               §
     Defendant.                §
```

**ORDER**

Pending before the court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 22) and the opposition filed thereto. The motion is **DENIED**.

This suit raises claims against the Harris County Housing Authority under the Fair Housing Act, 42 U.S.C. §§ 1981, 1983 and 1985, as well as state law claims of negligence, negligence per se, conspiracy, trespass and invasion of privacy.[1] Plaintiff, now proceeding pro se, has moved to amend her complaint a third time. In her amended pleading, she seeks to sue four employees of Defendant in their individual capacities.

The decision whether to grant a motion to amend is within the court's discretion. <u>Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n</u>, 751 F.3d 368, 378 (5th Cir. 2014). Leave to amend is by no means automatic, but the court does need to articulate a

---

[1] <u>See</u> Doc. 10, Pl.'s 1st Am. Compl. pp. 13-17.

substantial reason to support a denial.  Id. (quoting Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005)).  The factors that the court may consider in making its decision include undue delay, bad faith or dilatory motive, repeated failure to correct deficiencies in amendments previously allowed, undue prejudice to the nonmoving party, and futility of the amendment. Id. (quoting Jones, 427 F.3d at 994).

An amendment would be futile if it would fail to state a claim upon which relief could be granted.  Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).  To determine futility, the court applies "'the same standard of legal sufficiency as applied under Rule 12(b)(6).'"  Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3rd Cir. 2000)).

To satisfy Rule 12(b)(6), a complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Defendant argues that the proposed amendment adding the four employees as parties would be futile because they are entitled to

2

the defense of qualified immunity.  Qualified immunity shields them from liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In order to determine whether a defendant is entitled to qualified immunity, the court determines if (1) the plaintiff has alleged a violation of a constitutional right, and if so, (2) whether defendant's conduct was objectively reasonable under clearly established law at the time the conduct occurred.  See Thompson v. Upshur Cnty., 245 F.3d 447, 457 (5th Cir. 2001).

The Fifth Circuit has stated, "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity."  Hampton v. Oktibbeha Cnty. Sheriff Dep't, 480 F.3d 358, 363 (5th Cir. 2007).

In the proposed complaint, Plaintiff fails to make any factual allegation against Darrell Elbow, and the only reference to Adeline Benoit cites her November 24, 2014 email, which informed Plaintiff's attorney that Defendant was not going to terminate Plaintiff's housing assistance.  Clearly, Plaintiff has failed to allege any conduct by Elbow or Benoit which violated clearly established law and has thus failed to state a claim for relief against either.

As to Tom McCasland, the executive director of the Harris County Housing Authority, Plaintiff merely alleges that he appeared unannounced at her apartment in October 2014 and demanded to inspect her unit after Plaintiff had refused access to lower-level employees for a required inspection. Plaintiff's housing assistance payments were conditioned on such inspections.[2] Federal regulations require that payments may not be made on behalf of persons who are not compliant with the rules of the program.[3] Defendant was within its rights to demand an inspection of the Plaintiff's leased premises. Thus, McCasland's alleged conduct does not violate clearly established federal or state law and Plaintiff has failed to state a claim for relief against him personally.

Plaintiff alleges that Katherine Escamilla denied her a reasonable accommodation without disclosing what reasonable accommodation had been requested. This does not raise a fact issue which would overcome a claim qualified immunity and fails to state a claim upon which relief can be granted.

In light of the foregoing, the court agrees that the proposed amended complaint adding four additional parties would be futile

---

[2] See Doc. 25, Ex. F to Def.'s Resp. in Opp. to Pl.'s Mot. for Leave to File 2nd Am. Compl., Aff. of Tom McCasland p. 3.

[3] Id., Ex. A to Def.'s Resp. in Opp. to Pl.'s Mot. for Leave to File 2nd Am. Compl., Administrative Plan, § 5-1.B; Chapter 8, Part II; see also 24 C.F.R. § 982.551 (requiring Pl. to abide by Program rules, HUD requirements and the terms of her lease).

because Plaintiff has failed to state a claim for relief against any of the four potential defendants.

**SIGNED** this 22nd day of September, 2015.

_____
U.S. MAGISTRATE JUDGE