Case 4:14-cv-03570   Document 60   Filed in TXSD on 01/04/16   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE R. WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3570 |
| | § | |
| | § | |
| HARRIS COUNTY HOUSING AUTHORITY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On November 10, 2015, plaintiff June R. Williams filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"), for Sanctions, for Extension of Time, Objections to Magistrate Judge's Ruling on the Second Amended Complaint, for Preliminary Relief Reinstating Subsidized Rent, for Leave to File Third Amended Complaint and for Protective Order. Doc. 48. The court has reviewed Williams's motion and defendant Harris County Housing Authority's ("HCHA") response, and finds that her motion for IFP status should be GRANTED, her objections to the Magistrate Judge's denial of her motion for leave to amend should be OVERRULED, and her motions for leave to file a third amended complaint and for preliminary injunction should be DENIED.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On December 15, 2014, Williams filed this action and paid the filing fee. She now seeks IFP status. The court has reviewed her declaration and finds that she is indigent. Her motion is therefore **GRANTED**.

**II. MOTION FOR EXTENSION OF TIME AND OBJECTIONS TO MAGISTRATE JUDGE'S RULING**

The court's scheduling order set June 12, 2015, as the date by which amended pleadings must be filed. Williams timely filed a motion for leave to amend her complaint (Dkt. 22), and HCHA opposed the amendment (Dkt. 25). On September 22, 2015, the Magistrate Judge denied Williams leave to amend because the proposed complaint failed to adequately state claims for relief against the four individual defendants. Dkt. 30.

Pursuant to Federal Rule of Civil Procedure 72(a), objections to a magistrate judge's order must be filed within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Here, Williams has failed to timely file objections to the Magistrate Judge's order denying leave to amend. Williams seeks an extension of time to object to the order. Dkt. 48-1 at 87. Williams has failed to show good cause to extend the fourteen-day objection period. However, even if the court were to grant the requested extension and consider Williams's objection, she has failed to show that the Magistrate Judge's order is either clearly erroneous or contrary to law as required by Rule 72. Williams's objection to the Magistrate Judge's denial of Williams's motion for leave to amend is **OVERRULED**.

**III. MOTION FOR LEAVE TO FILE AND SERVE A THIRD AMENDED COMPLAINT**

On November 11, 2015, Williams filed for leave to file a third amended complaint. As stated above, the scheduling order required motions for leave to amend be filed by June 10, 2015, and discovery ended on October 31, 2015. Dkt. 19.

When a scheduling order deadline has expired, Rule 16(b) governs amendment of the pleadings. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003)("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a

scheduling order deadline has expired."). Rule 16(b)(4) allows modification of the scheduling order "only for good cause and with the judge's consent." "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (internal citation omitted).

Williams has failed to set forth good cause for this late amendment. Discovery concluded on October 31, 2015, and HCHA has filed a timely motion for summary judgment. Granting Williams leave to amend to add four additional parties would require a significant continuance and significant additional discovery. Williams's third amended complaint is virtually identical to her second amended complaint with the notable exception that she attempts to incorporate by reference all facts contained in the pending 351-page motion, presumably in an effort to remedy the pleading deficiencies found by the Magistrate Judge several months ago. *See* Dkt. 43 at 16.

Rule 8(a)(2) requires and short and plain statement of the claim. It would be patently prejudicial to require four new parties to sift through a 351-page incorporated-by-reference document and speculate on what facts support which of Williams's five causes of action. Because Williams has failed to show good cause for the late amendment and because the proposed complaint would violate the spirit of Rule 8(a)(2), Williams's motion for leave to file a third amended complaint is **DENIED**. The sole defendant in this action is the HCHA.

### IV. MOTION FOR PRELIMINARY RELIEF

Buried in the excessive, and often extraneous, factual recitations of the pending motion is a request that Williams's housing subsidy not be terminated. However, as the court understands the facts recited by Williams, Williams continues to reside in Section 8 housing and there is no

immediate threat to her status as a Section 8 beneficiary. Williams has failed to allege the requisite facts to support a claim for injunctive relief, and it is therefore **DENIED**.

### V. CONCLUSION

Williams's motion (Dkt. 48) is **GRANTED IN PART AND DENIED IN PART**. Her motion for IFP status is **GRANTED**. Her objections to the Magistrate Judge's denial of her motion for leave to amend is **OVERRULED**. Her motion for leave to file a third amended complaint and her motion for preliminary injunction are both **DENIED**.

Signed at Houston, Texas on January 4, 2016.

_____
Gray H. Miller
United States District Judge