United States District Court
Southern District of Texas
**ENTERED**
August 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNE R. WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3570 |
| | § | |
| HARRIS COUNTY | § | |
| HOUSING AUTHORITY, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court are plaintiff June R. Williams's objections to the order of the magistrate judge demanding an immediate submission of the opposition on the defendant's motion for summary judgment."[1]  Dkt. 71.  The order to which Williams objects was entered on February 16, 2016, and addressed a motion for a protective order in which Williams untimely objected to prior discovery rulings.  *See* Dkt. 70.  Therein, the magistrate judge also recounted the course of filings related to Williams's motion for summary judgment, which was filed on November 20, 2015.  *See id.*  The magistrate judge explained that Williams had failed to timely respond to the defendant's motion for summary despite having received an extension.  *See id.*  The magistrate judge concluded, "If Plaintiff intends to file a response to Defendant's motion for summary judgment, it must be filed immediately."  *Id.*

Williams objected to the order on March 7, 2016, twenty days after the order was entered. Dkt. 71.  On the same day, Williams filed a 241-page brief plus 114 pages of exhibits in response to the defendant's motion for summary judgment. Dkt. 73.  On March 23, 2016, the magistrate judge

---

[1] In the same filing, Plaintiff moved to recuse the magistrate judge, which is addressed by the magistrate judge in a separate order.

held a status conference, at which the magistrate judge struck Williams's response brief because it violated the court's page limit but allowed Williams two weeks to file a response brief of twenty-five pages or less.  *See* Dkt. 76.

A party may file objections to a nondispositive motion within fourteen days of being served with a copy of a written order.  Fed. R. Civ. P. 72(a).  Upon the filing of timely objections, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).

Here, Williams's objections were filed twenty days after the order was entered.  Because Williams is pro se and the time for objecting is measured from the date on which the order is served not entered, the court will consider the objections timely.  However, having reviewed the magistrate judge's order and Williams's objections thereto, the court is of the opinion that the order was neither clearly erroneous nor contrary to law.  Therefore, Williams's objections are **OVERRULED**.

Signed at Houston, Texas on August 29, 2016.

_____
Gray H. Miller
United States District Judge